May it please the Court, I am Mike Meehan representing the appellant Francisco Espinosa in this appeal. I will endeavor to save my yellow lifetime for rebuttal. This case comes to you on an appeal from a Rule 60b-4 motion, which is significant because that procedural posture both defines the issue and limits the issue before you and constrain the briefing all the way up to and including the briefs in this court. That is to say, the only attack that was made by the creditor on the judgment was that the judgment was void for a lack of due process. I submit that this is a case in which we're not talking about notice, we're talking about knowledge, because the record Well, what? I missed that word. We're talking about knowledge, Your Honor, because the record establishes that well before the confirmation hearing in this case, the creditor's litigation department received not only the notice of the filing of the petition, not only the notice of the setting of the hearing for confirmation, but a plan of reorganization, which very clearly and simply spelled out that the primary consideration for the plan was the treatment of a student loan by which the principal would be paid over installments. And what was then a relatively small amount of interest and penalties would be discharged. You know there are cases that say that notice, that kind of notice is insufficient. Given what the statute, given the rights that the statute gives the creditor in this situation, right? Yes, Your Honor. Obviously, there are a number of them, and I submit that each and every one of them misses the point. Again, because of the issue that is before you. This is a due process issue. Can you go back a couple of steps just for my, just for my, how did this case get started? Your Honor, this case was started by the debtor reopening the bankruptcy proceeding well after the discharge had been granted. So this wasn't an action by the creditor. It was not an action originally by the creditor, the creditor counterclaimed. The debtor goes back to the bankruptcy court and seeks a reopening under what? The reopening was under the original jurisdiction of the bankruptcy court for a check. What, on 60B4? The 60B4 motion, if the court please, was then brought by the creditor in response to the reopening of the bankruptcy. The debtor sought enforcement of the stay. So the debtor goes back, seeks enforcement of the stay, and the creditor then brings the 60B4 motion. Four, yes. And the bankruptcy court rules against the 60B4 motion. The bankruptcy court, yes, Your Honor, goes against the 60B4. And it goes to the district court, and the district court reverses on that. That's correct. Now, again, I don't want to get away from the issues you were discussing with Justice Schema, but I think it's important to know the posture. So in the generic case where there is a 64B motion that is granted, right? Yes. We are in a grant of a 60B4 motion. To whom is the deference owed? Is it the bankruptcy court, or is it the district court? So in other words, is the, for purposes of exercising whatever discussion 60B4 allows, is that deference accorded to the bankruptcy judge or to the district judge? Your Honor, I'm not sure that it matters, and I'm not sure I know the answer in terms of deference, because I think the state- Let me assure you that it might matter. So just go along with me and assume that I have a reason for asking the question, okay? Let's not waste your precious time on that. So assuming I think it matters, which you can assume is the case, do you know the answer to the question? Well, I think other than an error of law that the deference is owed to the bankruptcy court, I think the court, the district court has an- No, I understand. If it's an error of law, we'll review the NOVO. But you and I are together on this. There's a certain degree of discretion accorded to the trial court under 60B. I think that's right. I do think that's right. Okay, so when you get out of the area of errors of law, there's a wide area where the trial court may decide one way or the other, and we owe deference. In this case, in a case where you've got the bankruptcy court and the district court stacked on top and they do opposite things, do you know the answer to the question, who do we owe deference to? Do we owe it to the bankruptcy court as being sort of the initial trial court? Or do we owe it to the district court because, in a sense, all bankruptcy cases are filed in district court and then refer to the bankruptcy? I mean, although they actually go directly to the clerk's office, you know the weird scheme that we have under the 84 Act, which is that technically cases get filed in district court and they get to refer to the bankruptcy court for action. So this is not a trick question. I just wonder if you know the answer. I do not know the answer. My approach would be, and I haven't considered the wrinkle of the reference, the sort of automatic reference to bankruptcy because the statute gives the right of appeal back to the district court. But I believe it is, and as is in the briefs, I think that- So you would take the position that the district court there is acting as an appellate court and not as a first instance trial court, and so we don't owe any deference to the district judge, whatever deference we owe, we owe to the bankruptcy court, is that your position? I think that's correct, Your Honor, because I think 28 USC 158, which is a source to the district court's jurisdiction, I think it says it's an appeal. I don't think it says it's a, sort of like a report. Okay, fair enough. I have your answer on this, and it colors somewhat what we do from now on, so please go ahead with your argument. But your view is that if there is play in the joints, the tie goes to the bankruptcy court. Yes, Your Honor, that would be my position. Okay, go ahead. If I may come back to Judge Tasheem's question. Yes, please. The cases that talk about the adequacy of notice or the inadequacy of notice are, in this sense, I submit, for this case. The Hood case of the United States Supreme Court clearly established, I submit, essential to its holding, that the bankruptcy rules are not due process. That due process is one thing, the bankruptcy rules are another. And indeed, the court said in Hood that an application to discharge a student loan could have been brought by motion. If that is the case, then due process is not the same as the bankruptcy rules. The cases also are, I submit, the Fourth Circuit, the Sixth Circuit, the others, because they say, as does the appellee in her brief, say that Congress mandated the use of an adversary proceeding to discharge us. And that is not correct. Again, the Hood case says as much. And therefore, the process that is due is the notice that is required of the pending confirmation of the plan. And the process that is due tends to be case and fact specific. And in this case, the notice that was due included sending the plan itself, putting out the information very clearly, and it got where it was supposed to go. And all that the creditor needed to do was to send an objection, period, and things would have been stopped. And that's demonstrated in this record by the fact that there was an objection by the trustee, and that was fixed. The trustee- Let me get back to the issue that's on my mind. You said that the motion was on the 60B4. Yes. It wasn't on the B1, 2, 3, or 5, or 6. Or 6. Or 6. Or 6. Okay, that's your position. Yes. Well, I have- No, no, I- I- I- It may be undisputed, but your view is that it's just a B4 motion? Yes. Okay. Do you want to save your time? I do, Your Honor. Thank you. Okay. We'll hear from the other side. Good morning. Thank you. Madeline Wansley, appearing on behalf of the Appley United Student Aid Funds. How are you? Judge Kaczynski, you asked a moment ago, posing counsel about the deference to be given to the bankruptcy court or the district court on this matter. And I would briefly like to respond to that. We believe that the validity of a judgment is a legal question, and that, therefore, the review here is de novo. And I think there is much authority in the- But if we disagree with you on that question, or if there is a measure of discretion we find, who do you think the deference goes to? You know, ultimately, I don't believe there --it's a legal question. So I think this Court- You can fight the question for as long as you want, but the clock is ticking. Okay. So if you want to tell me why you think my question is stupid or irrelevant, you know, you can go ahead and take as much as you want to. Or you can answer my question. Not at all. Do you remember what my question is? I think I understand the question, Your Honor. Do you want to explain to me why I don't need the answer? Do you want to take time to do that? No, Your Honor. I would like to- Do you want to answer the question? Yes. Okay. Why don't you go ahead and answer the question? I think under the Pena case, this Ninth Circuit held that because the Ninth Circuit is in as good a position as the district court to review the bankruptcy court's decision, that it reviews them from that point of view. So essentially we cut out the bank- When it comes to exercise of discretion, the district court disappears, and the deference, if any, exists, is due to the trial judge. Yes, Your Honor. Now why isn't this a case where easily resolved on that standard? You moved only under B4. You have shown nothing whatsoever that would compel a finding that does avoid judgment. You've only shown possibly an error in the judgment. And why isn't that the end of the matter? And the district court, I'm sorry, excuse me, the trial court, the bankruptcy court exercised whatever discretion it had against you. Why isn't that the end of the case? Why is this even worth appealing? This case was worth appealing, and we prevailed at the district court level because the court agreed with us that due process requires more than mailing a notice to a appeal box. But that's nonsense. I've heard those cases. You know, I know, you know, I studied malign in school. You know, we all know what due process means, and your client got more than due process, far more than due process. They may not have gotten compliance with statutory notice, but that's not due process. And all those other circuits that say differently are obviously talking through their hats. I mean, I have no idea where they come up with it. I can't imagine that federal judges who have been confirmed by the Senate and appointed by the President could say stuff like that. What is conceivably the argument that this is a denial of due process? Well, I think you get back to the old law school thing that we learned, which is that brains versus brawn. You have to get the right notice to the right person so that it can be appropriately handled. Your client got a notice, stamped, received. You know, it's got, you know, you, this is not the little old lady who bought the refrigerator. It isn't, you're not talking about somebody who can't speak English. You're not talking about somebody who is unschooled. You're not talking about somebody who's too poor to hire a lawyer. You're talking about a mega company who spends millions of dollars on legal fees. You're going to tell me it's not notice when they get something in the mail and they get stamped and received? It's just ridiculous. It's just a silly argument. This case is really about procedure, Your Honor. I mean, when you have specific statutes and specific rules. It is about procedure, and what you have shown is merely that there was an error in the procedure in entering the judgment against your client. And it just is an important and valuable lesson in paying attention to those notices when they come in, so mistakes like that aren't made. Congress gives you rights, and if you want to exercise those rights, your company is just like everybody else. You have to go to court, hire a lawyer, and talk to the judge and say, hey, Congress gave me certain rights. If you don't, you risk that you are going to lose, and you're going to lose in a way that may not be in compliance with the statute. But at that point, all you have, all you have is a wrong judgment. And if we were to undo as void every time a trial court entered a wrong judgment, we'd do nothing but. I mean, if we went back to time immemorial, every time, you know, somebody can find a judgment years back and say, oh, well, here's a mistake, we'd do nothing but undo all judgments. Judgment. Every time the Supreme Court comes up with a new interpretation of a statute, people come back and say, hey, look, the Supreme Court has changed the law. You've got to undo the judgment. It's wrong. But this was not a new interpretation of the law. What we had here are multiple code provisions and. Well, wait a minute. Didn't we have in very Part D in 99? We did have Part D. And Part D was a different argument as well, though. And I would, let me put this out to the Court. Well, no, no. Part D didn't maybe consider the due process argument, no doubt, because they thought it was silly. But substantive, the substantive issue, they decided. If you're talking about notice to your client, they should have been on notice of 1999, that something like this could happen to them, so they had better read those notices when they come in. I mean, do you have a single case in the history of the common law that says actually getting notice, actually getting notice and stamping it received does not amount to adequate notice for purposes of due process? I mean, other than those cases, there's other circuits that seems to say that. Right. That's the second. No authority. You know what they based it on? I went back and looked. A student note, a student note in the Illinois Law Review, the student article, you know, by some guy who hadn't even gotten to the third year of law school, and an ABA journal piece by a guy who represents creditors. That's entire authority that the Tenth Circuit used as its basis for saying there's a denial of due process. But those theories have been now tested by the Second, the Fourth, the Sixth, the Seventh, and the Tenth Circuit. They're all wrong. I mean, this is the trend going on. Why don't you persuade me why they haven't just completely goofy, and why we shouldn't write an opinion pointing out how goofy they are? Well, here's the disconnect in the process. Explain it to me. I mean, you know, just talk to me in real English, real, you know, like a real person. Yeah, the disconnect. Well, how can you possibly say that a giant company like yours doesn't get notice when you get a notice from the court in the mail, gets stamped, received? You don't dispute that, right? That's correct, that there was some notice given to a company. But is it the notice you're due? I'm sorry, a company? It's not the notice that we were due. By the Constitution? The Constitution imposes you more? Yes. Yes, Your Honor. And here's the reason why. A bankruptcy court is generally an informal procedure. Yeah, tell me why. And notices can be sent, for example, complaints and adversary proceedings. That notice, meaning the summons and the complaint, if you're doing it properly, gets sent by first-class mail. But Rule 7004 says it has to go to a proper party. You're getting extremely deep waters here. If you want us to hold that notices sent out by bankruptcy courts are too informal to satisfy due process, you're about to tip over the entire bankruptcy process, because bankruptcy courts send out notices to creditors like a blizzard. And if we were to hold that, I mean, of course, we could limit it to your client and say there's something special about United States funds, they're special. But if we were to write some sort of general rule saying that 341 notices that go out by the bankruptcy court are not sufficient for due process because there are too many of them or they are too informal, what do you think this would do to every bankruptcy case in the Ninth Circuit? But the important point here – I want you to answer my question before you say but. What do you think would happen in the Ninth Circuit if we were to hold that 341 notices sent out to creditors are just not good enough because they are too informal? That's not my argument at all, Your Honor. I thought it was. You said – No, it's not my argument. Well, explain it to me again. There are certain – certain notices that have a lesser standard. For example, notices of the bankruptcy filing, you know, notices of the 341. Even notice of plan confirmation, that is a lesser notice standard. But when you get to presumptively non-dischargeable debts – But what you're saying is that some of those notices fall below the constitutional minimum. That is your argument. That's correct. Okay. And let's say we accept this argument. How could we contain that from applying to every other similar notice sent out by every bankruptcy court in the Ninth Circuit? And if we were to hold that those are constitutionally deficient, what will that do to the administration of the bankruptcy system in the Ninth Circuit if we were to say all that kind of notice, all 341 notices, all notices of filing of bankruptcy – You know what happens when you file a bankruptcy? You know what happens? You ever heard of the automatic stay? Yes, Your Honor. Okay. You know, if your client were to file for bankruptcy this morning, he could have walked in here and said, stop the proceedings. We can't have an oral argument because there is a bankruptcy stay in force, right? We would be voiding all bankruptcy stays. We would be saying, well, those fall below the standard of due process. But there are specific rules for specific things. And for the bankruptcy stays, the case on the Ninth Circuit says a verbal notice is enough, because that's just a notification that a bankruptcy has been filed. That's quite different from when you're trying to discharge a bankruptcy. So what you're saying is that Congress can give, require a notice that is more than the Constitution requires. Congress can set forth the debts that are dischargeable or non-dischargeable. And then the Supreme Court has promulgated rules to help the procedure, which is where 7001 and 7004 come in and were violated in this case. Let me tell you something. Losing on the Court of Appeals is a very good way to get a cert petition, particularly as a second split. So you may, I only speak for myself, but I think this is a silly argument. And you'll get a chance to get us reversed if I manage to persuade my colleagues. Thank you. You have some time for rebuttal. Or maybe you didn't. Thank you. He has a rebuttal. So it was a mistake to take rebuttal time. The only reason I stepped to the podium is because of the microphone, so that it would record that I would say, unless the court has questions, I waive my rebuttal time. Let me ask you one question then. There's a statute, 11 U.S.C. 523A, which says, this is Congress now speaking, repaying student loans is presumptively non-dischargeable unless there is a finding that repaying those debts was unduly burdensome. Was there ever such a finding in this case? There was not such a finding, but. So if there's not such a finding and Congress made this law, how do I get to your result? Because if it was an error, it was one that was waived by the creditor. And the creditor is here saying the Constitution was violated. And the Constitution was not violated when this creditor had actual notice and knowledge. And none of the other cases that they rely upon even dealt with actual notice and knowledge. And if I may take one more moment, there in the briefs and in some of the other cases, there's an implication that there's something unseemly about this procedure. And I submit that is not the case. This was a debtor who had $274 of disposable income, who was proposing to discharge $4,500 out of $17,800. And the trustee who had a role, the bankruptcy judge who had a role, and the debtor's lawyer who had a role, I submit, could have all said, this is not one that's worth fighting about. There's nothing unseemly about it. This is a right, and if I may, Your Honor, I don't think that the statute says there is presumptive. Justice Rehnquist, in his opinion, used that word presumptive, and he cited to what I think was an erroneous reference in the committee report. But all that they had- Justice Rehnquist is the one I cited because he's the one I generally quote. I do too, Your Honor. And I'm quoting those who say what the statute says. And I did- I guess my worry is that having had that statute on the books, and then having the rules adopted by the Supreme Court as how to determine presumptively non-dischargeable or unduly burdensome. And nobody going through that rule process, but going through another process which is not that which is authorized under the rules. I wonder if one has done what he needs to do under due process. And because the other counsel had her chance to talk about what I thought were very good questions. I just think you have to talk about that. And if I may again cite to the Hood case, Chief Justice Rehnquist's opinion. He made it clear that the bankruptcy rules do not equate to due process. He said a proceeding could have been done to do a 523A8 discharge by motion. We did the same thing in effect. And it was right there. Why isn't your simple answer to the question is that not every error in a judgment is a denial of due process? Oh, it absolutely is, Your Honor. That's my first. That's my second. You skipped over it. I mean, you could very well have an erroneous judgment, a judgment entered erroneously. And yet, lots of judgments entered erroneously that are not denials of due process. Oh, no, I agree. And the Court, in her questioning of counsel, I mean, raised the problems of it. Your back-up answer is that somehow they consented by not coming in. They essentially decided it was not worth fighting for, and they made a conscious decision. That's your sort of back-up answer. I suppose that's right. But you can concede the error. I mean, there's no – they've only raised due process as an issue. And you can admit that there might have been an erroneous judgment, but it's erroneous. I can, that's true. I can impart thesis. How many years was it from the final – what is it called – confirmation of the plan? Approval, confirmation? Is that – what's the word? Confirmation? Confirmation of the plan. To the time that they moved for a 60B opening. I believe it was either eight or nine. Eight or nine years. Yes, because the plan was confirmed, I believe, in the spring of 2003. The discharge was granted after the plan was performed in either 97 or 98. And I believe that – and it was my client, as you raised in my opening argument, who brought this to the court, that they weren't going to do anything except continue grabbing income tax refunds and trying to collect and sending collection agencies after them. We did it that long afterwards. We said, wait, there's something wrong here. And so. And does the amount of – if there is discretion involved, does the amount of time between the entry of the judgment and the bringing of the 60B motion weigh in the exercise of that discretion? Yes, it does, because if I remember either the rule or the construction of it, a reasonable time. Thank you. Thank you, Your Honor. Okay. Case is argued. We submit it. We'll next hear argument in.
judges: Kozinski, Tashima, Smith